UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-115-RLV
(5:06-cr-22-RLV-18)

| | |
|---|---|
| **THOMAS JOSEPH ISBELL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Respondent's motion to stay this action and hold it in abeyance. (Doc. 3.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On February 6, 2008, Petitioner was found guilty of Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base. The presentence investigative report found that Petitioner had two qualifying prior convictions that triggered the career-offender enhancement under United States Sentencing Guidelines § 4B1.2: a 1988 North Carolina conviction for assault on a law enforcement officer, and two 1988 North Carolina convictions for assault on a female, treated as a single predicate for career-offender purposes. On April 7, 2009, this Court imposed an enhanced sentence of 262 months' imprisonment. (Motion to Vacate 1-2, Doc. No. 1.)

On June 21, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner challenges the Court's application of the career-offender provision in determining his advisory guideline range. That provision applies to defendants who, among other things, have "at least two prior felony convictions of either a crime

1

of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Petitioner contends that his North Carolina convictions are no longer "crimes of violence" under the Guidelines in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On August 26, 2016, Respondent filed the instant motion to stay and hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 3.) According to Respondent, Beckles presents three questions that are relevant to, or dispositive of, Petitioner's Motion: (1) whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline; (2) if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review; and (3) whether possession of a sawed-off shotgun, an offense listed as a "crime of violence" in the commentary of the career-offender guideline, remains a crime of violence after Johnson.

Respondent states that counsel for Petitioner consents to the motion to stay. For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay (Doc. No. 3) is **GRANTED.** This matter is held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, Respondent shall have 60 days from the date the Supreme Court decides Beckles to file a response to Petitioner's § 2255 motion to vacate.

Signed: October 7, 2016

Richard L. Voorhees
United States District Judge